UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ARTURO CRUZ

                     Plaintiff,                                COMPLAINT

            -against-                            **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK P.O. EUGENE
DONNELLY, 46th PRECINCT P.O.'s "JOHN
DOE" #1-10 individually and in their
Official Capacities (the name "JOHN DOE" being
fictitious, as the true names are presently unknown),

                              Defendants.
-------------------------------------------------------------X

15 CV 2265
Judge Engelmayer

      The Plaintiffs by their attorneys, Yalkut & Israel, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

      Plaintiff brings this action for compensatory damages, punitive damages fees pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988 for violation of their civil rights and the Constitutions of New York and the United States.

## JURISDICTION

      This action is brought pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution

## VENUE

      Venue is properly laid in the Southern District of New York under 28 U.S.C. 1391(b) in that this is the District in which the claim arose.

## JURY DEMAND

      Plaintiff respectfully demands trial by jury of all issues in this matter pursuant to Federal

Rules of Civil Procedure, P. 38(b)

## PARTIES

5. That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK (hereinafter referred to as "CITY") was a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

. That at all times herein mentioned the Plaintiff resides in the County of Bronx, City and State of New York;

.6. This action is commenced within three years of the date of the incident and/or accrual of the cause of action.

7. That at all times hereinafter mentioned, defendant, "CITY, owns, manages, operates, maintains and controls the " POLICE" as a subsidiary;

8. The Defendants P.O EUGENE. DONELLY and P.O.s "JOHN DOE"#1-10 were all employees and members of the "Police" , and under the supervision of ranking officers of said department and were acting within their scope of authority.

9. That since August, 2011 and at all times herein mentioned the Plaintiff resided as a tenant at 1391 Nelson Avenue, Apartment 3F, County of Bronx, City and State of New York;

10. That since the Plaintiff moved into the apartment unordered packages were attempted to be delivered. The Plaintiff did refuse all deliveries;

.11. On March 29, 2012 at approximately 3:00 p.m. of that day, plaintiff was lawfully within his apartment near his apartment at 1391 Nelson Avenue, County of Bronx, City and New York at apartment 3F thereof, when the Plaintiff heard a knock on the door with someone stating that there was a delivery from Federal Express;

12. The opened the door a crack and stated that nothing was ordered;

13. As the Plaintiff was about to close the door, the Defendant EUGENE DONNELLY and other members of the "Police" pushed their way into the apartment, guns drawn, violently threw the Plaintiff to the ground, cuffing him and proceeded to ransack the apartment.

14. That at all times herein mentioned the Plaintiff suffered from high blood pressure;

15. That the Plaintiff remained on the ground, handcuffed for a period of approximately two hours;

16. The Plaintiff, on several occasions asked for his medication which was refused until he was incarcerated at the 46th Precinct charged with where he remained until mid-nite-220.21; 220.16;115.00 where he remained

17. The criminal action against the Plaintiffs were disposed of as follows: Case Dismissed October 4, 2012 on motion of the District Attorney.

## FIRST COUNT-FALSE IMPRISONMENT

.18. Plaintiff repeats and re-iterates each and every allegation of the complaint herein numbered "1" through "17" inclusive as though same were fully set forth herein;

19. Plaintiff was falsely imprisoned at the scene of the occurrence, continuing thereafter within the police van, the 46th precinct, Central Booking, where he remained incarcerated until April 9, 2012 when he was released on his own recognizance and the Criminal Court of the City of New York, Bronx County;

20. As a result of the aforementioned, plaintiff suffered emotional trauma, personal injuries including but not limited to an aggravation of his pre-existing blood pressure condition, feared for his life, sustained severe and serious other consequential damages.

21. Plaintiff intends to claim punitive damages for all of the counts herein;

22. The criminal action against the Plaintiff was disposed of as follows: Case Dismissed on

motion of the District Attorney.

23. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

## SECOND COUNT-FALSE ARREST

24. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "23" herein as if more fully set forth at length:

25. Plaintiff, was, without cause or provocation, falsely arrested.

26. As a result of the foregoing, plaintiff, suffered emotional trauma, fear for his life, sustained severe and serious personal injuries and other consequential damages.

27. Plaintiff intends to claim punitive damages for all of the counts herein.

28. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District of New York and in excess of the Jurisdictional limits of all inferior Courts.

## SECOND COUNT-NEGLIGENT TREATMENT:

29. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through"28" herein as if more fully set forth at length;

30. At the aforementioned time and place, plaintiff was negligently treated by the defendant P.O. "DONNELLY" and by various police officers employed by the defendants "CITY"and "POLICE" in that a proper investigation was not conducted prior to the incident complained of as a proper investigation would have revealed that the arrest and imprisonment was unfounded;

31. Plaintiff intends to claim punitive damages and legal fees for all of the counts herein

32. As a result of the foregoing, plaintiff has been damaged in a sum within th Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts

### THIRD COUNT-INVASION OF PRIVACY:

33. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "32"herein as if more fully set forth at length

34. The aforementioned occurrence constituted an invasion of the privacy of plaintiff;

35. As a result of the foregoing, Plaintiff sustained severe and serious emotional personal injuries and other consequential damages.

36. Plaintiff intends to claim punitive damages and legal fees for all of the counts interposed herein.

37. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

### FOURTH COUNT-CIVIL RIGHTS VIOLATION:

38. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "38" herein as if more fully set forth at length:

39. As a result of the aforementioned occurrence, plaintiff was deprived of his civil rights under the Constitution of the State of New York and the Constitution of the United States, as well as other State ordinances statutes, codes and rules, including but not limited to 42 USC §1981, §1983, §1985, 1988 and 28 USC § 1343.

40. As a result of the foregoing, Plaintiff suffered personal injuries emotional trauma,

feared for his life, sustained severe and serious other consequential damages.

41. Plaintiff intends to claim punitive damages and legal fees for all of the causes of action interposed herein.

42. As a result of the foregoing, Plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

## FIFTH COUNT-NEGLIGENCE

43. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "42" herein as if more fully set forth at length:

44. The aforementioned occurrence took place by reason of the negligence of defendants, its agents, servants and/or employees, including various police officers.

45. The defendant, "CITY" and it's subsidiary "POLICE" were negligent in their hiring and training practices and procedures. A proper investigation prior to hiring would have revealed that the defendants P.O. "DONNELLY" and P.O.s "JOHN DOE" #1-10 were not qualified to assume the responsibilities of the job hired for. In addition had there been a proper training program the aforementioned the defendants P.O. "DONNELLY" and P.O.s "JOHN DOE" #1-10 would not have been retained;

46. As a result of the foregoing, Plaintiff suffered personal injuries, emotional trauma, feared for his life, sustained severe and serious other consequential damages.

47. Plaintiff intends to claim punitive damages and legal fees for all of the causes of action interposed herein.

48. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess

of the Jurisdictional limits of all inferior Courts.

## SIXTH COUNT MUNICIPAL LIABILITY

49.. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs " 1" through "48" as if the same were more fully set forth at length herein.

50. Defendants imprisoned and detained the Plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said imprisonment detention would jeopardize plaintiffs liberty, well being, safety and constitutional rights ;

51. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

52. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department., all under the supervision of ranking officers of said department

53. . The aforementioned customs, policies. usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:
   a) fabricating evidence against innocent persons erroneously arrested;
   b) imprisoning innocent persons wrongfully apprehended;
   c) Imprisoning innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

54. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct. as documented in the following civil rights actions filed against the City of New York:

- **Frank Douglas v. City of New York**., United States District Court Southern District of New York, 03 CV 6475;

   **Darnell Flood v. City of New York,** United States District Court, Southern District of New York. 03 CV 10313;

<u>**Theodore Richardson v. City of New York. et al,**</u> United States District Court, Eastern District of New York, 02 CV 3651;

<u>**Phillip Stewart v. City of New York,**</u> United States District Court, Southern District of New York, 05 CV 2375;

<u>**Benjamin Taylor v. City of New York.**</u> United States District Court. Eastern District of New York, 01 CV 5750;

<u>**Angel Vasquez v. City of New York,**</u> United States District Court, Eastern District of New York, 05 CV 3552;

• <u>**Alvin ,Williams v. City of New York.,**</u> United States District Court, Southern District of New York.. 05 CV 4013:

<u>**Terrence Burton v. City of New York,**</u> United States District Court, District of New York, 06 CV 6884.

55. The foregoing customs, policies. usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety', well-being and constitutional rights of plaintiff

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

57. The foregoing customs, policies. usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein

58. As result of the foregoing custom, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was imprisoned unlawfully for several hours;.

59..Defendants, collectively and individually, while acting under color of State Law, were directly and actively involved in violating the constitutional rights of plaintiff;

60. Defendants, collectively and individually, while acting under color of State Law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

61. All of the foregoing acts by the defendants deprived the plaintiff of federally protected rights, including but not limited to:

> .Not to be deprived of liberty without due process of law.
>
> Not to fabricate evidence.
>
> To be free from seizure and imprisonment not based upon probable cause.
>
> .To be free from unwarranted and malicious detention.
>
> .Not to have cruel and unusual punishment imposed upon him/her; and
>
> .To receive equal protection under the law.

62. The plaintiff intends to seek punitive damages on all counts herein.

63. The plaintiff seeks damages in a sum within the jurisdictional limits of The United States District Court, Southern District and in excess of the jurisdictional limits of all inferior Courts.

## SEVENTH COUNT - BATTERY

64. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs " 1" through "63" as if the same were more fully set forth at length herein.

65. That at all times herein mentioned the defendants did violently throw the Plaintiff to the ground, thereafter placing hand cuffs on the plaintiff, tightening same in such a manner as to cause severe pain and injury to the plaintiff and to refuse the Plaintiff his medication for a period of approximately two and one half hours;

66. .The plaintiff intends to seek punitive damages on all counts.

67. .The plaintiff seeks damages in a sum within the jurisdictional limits of The United States

District Court, Southern District and in excess of the jurisdictional limits of all inferior Courts.

**WHEREFORE,** Plaintiff demands judgement against all defendants, jointly and severally in each count in a sum within the jurisdictional limits of the United States District Court and in excess of the jurisdictional limits of all inferior Courts.

**WHEREFORE,** Plaintiff demands judgement against all defendants, jointly and severally in each count in for punitive damages in a sum within the jurisdictional limits of the United States District Court and in excess of the jurisdictional limits of all inferior Court

A jury trial is demanded

By_____
ARLEN S. YALKUT (AY-1522)
YALKUT & ISRAEL
Attorneys for Plaintiff
865B Walton Avenue
Bronx, New York 10451
(718) 292-2952